[Crim. No. 4811. Second Dist., Div. Three. July 24, 1952.]

THE PEOPLE, Respondent, v. RONALD JOSEPH RICK et al., Defendants; DONALD F. POLLARD, Appellant.

Herbert W. Grossman and Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant, having pleaded guilty to burglary which the court found to be of the second degree, made application for probation. The application was denied and he was referred to the Youth Authority. On January 8, 1952, the court committed defendant to the Youth Authority for the term prescribed by law, and remanded him to the sheriff to be held in custody under the jurisdiction of the Youth Authority and subject to any orders it might issue.

On January 18, 1952, the Youth Authority had designated Chino as the place of detention of defendant, but he had not been transferred to that institution and was still in the custody of the sheriff. On that day defendant moved the court for an order staying execution of the commitment

and requested that the cause again be referred to the probation officer for consideration of probation. The motions were denied on the sole ground that the signed commitment had been placed in the United States mail on January 9, 1952; that sufficient time had elapsed for the Authority to have received it; and that, therefore, under section 1737 of the Welfare and Institutions Code, the court had lost jurisdiction.[1] Defendant appeals from the order denying the motions.

The People assert that the order is not appealable and that the appeal should be dismissed. Penal Code, section 1237, provides that an appeal may be taken by the defendant "[f]rom any order made after judgment, affecting the substantial rights of the party." ██ An order made after judgment is not appealable where the motion merely asked the court to repeat or overrule a former ruling on the same facts. (*People* v. *Palmer*, 49 Cal.App.2d 579, 580 [122 P.2d 114].) There is nothing in the record to show that the case comes within this rule. ██ We think that if the court had jurisdiction to grant the motion to stay execution of the commitment the denial of the motions affected the substantial rights of the defendant and that the order is appealable. (*People* v. *Stein*, 31 Cal.2d 630, 632-633 [191 P.2d 409].)

██ Defendant contends the court had jurisdiction to hear and determine the motions. We have concluded it did not.

Section 1737 of the Welfare and Institutions Code provides: "After a court has committed a person to the Authority such court has no power to suspend execution of the commitment. Nothing in this section shall limit or restrict the jurisdiction and powers of the juvenile court under Section 745 of this code."

The argument is that the word "committed" in section 1737 refers to a physical turning over, a physical transfer of the person. It is said that because section 745 of the Welfare and Institutions Code provides that a commitment made by the juvenile court "may at any time be changed,

---

[1]The court said: "I am of the opinion that the signing of the commitment, and the forwarding of the commitment as of the 9th day of January, was sufficient time for said commitment to now have been received, and to be in the hands of the Youth Authority in Sacramento; and therefore under Section 1737, the Court has lost jurisdiction. I want the record to be clear so that the matter may be tested in a higher court if counsel is so advised, and to show that the Court is not exercising a discretion. In other words, the Court is not denying the motion on the grounds that in its discretion it does not feel that it is a proper case."

modified, or set aside,'' it was not the intention of the Legislature in enacting section 1737 to take away from a trial court the power to consider probation but rather to prevent a trial court from interfering with the Youth Authority after it had physically taken custody of the defendant. The argument is not tenable.

Section 1737 as enacted in 1941 read: ''After a court has committed a person to the Authority such court has no power to suspend execution of the commitment.'' In 1945 the last sentence was added as quoted above. (Stats. 1945, ch. 779, § 3.) It is apparent that all the Legislature did by the 1945 amendment was to make it clear that the section was not to be construed as denying to a juvenile court the power to change, modify, or set aside a commitment once it had been made. The section as it existed prior to 1945 was not changed, insofar as it applies to a commitment to the Youth Authority made by the superior court when it is not acting as the juvenile court.

Section 1732 of the Welfare and Institutions Code provides that ''the court shall commit to the Authority'' specific classes of persons. Defendant is in one of the classes specified. The order of January 8, 1952, reads: ''The defendant having heretofore been referred to the California Youth Authority and accepted, said defendant is committed to the Youth Authority for the term prescribed by law. Defendant is remanded to the Sheriff of Los Angeles County to be held in custody of the County Jail under the jurisdiction of the Youth Authority of the State of California, subject to any orders the Youth Authority may issue.''

█ A commitment is an order by a court or other authorized agency. (*People* v. *Scherbing*, 93 Cal.App.2d 736 [209 P.2d 796]) sending a person to prison or other place of detention. █ It is the process and authority for carrying the judgment and sentence into effect. (7 Words and Phrases, ''Commitment,'' p. 832, and cases there cited.) When a person is sentenced to imprisonment in a state prison and the sheriff is directed to deliver him to the warden of one of the state prisons, and thereafter he is transferred to another state prison, he is ''committed'' to the latter prison. (*People* v. *French*, 61 Cal.App. 275, 276 [214 P. 1003].)

█ A commitment to the Youth Authority ''is a judicial determination of the fact of defendant's conviction and a pronouncement of the sentence for the offense, namely, com-

mitment to the Authority for the term prescribed by law, . . ." (*In re Herrera,* 23 Cal.2d 206, 214 [143 P.2d 345].) ██ ▪Committing a defendant to the Youth Authority places him in its custody." (*In re Ralph,* 27 Cal.2d 866, 869 [168 P.2d 1].) ██ The order of January 8, 1952, was a commitment to the Authority; and upon its being made, defendant was "committed" to the Authority.

When defendant was remanded to the sheriff he was not remanded to him in any capacity other than as an agent of the Authority. He was then in the custody and under the jurisdiction of the Authority, execution of the commitment had commenced, and he was subject to the orders of the Authority.

We hold that at the time the motions referred to were made defendant had been committed to the Authority and the court had no power to suspend execution of the commitment.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.