[Civ. No. 31709.   Second Dist., Div. Three.   June 5, 1967.]

WINSTON WOODROW WETTELAND, JR., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Thomas McGurrin for Petitioner.

Harold W. Kennedy, County Counsel, Donald K. Byrne and William F. Stewart, Deputy County Counsel, for Respondent.

McCOY, J. pro tem.*—This is a proceeding to prohibit the trial court from committing petitioner to California Youth Authority following the revocation of his probation.

The facts are undisputed. In August 1965 the petitioner pleaded guilty to a violation of section 459, Penal Code, and the court determined that he was guilty of second degree burglary. On September 10, 1965, he was sentenced to serve 180 days in the county jail. Execution of this sentence was suspended and petitioner was placed on probation for two years. On March 21, 1966, he was found to be in violation of probation and probation was revoked and a bench warrant was issued. On January 30, 1967, petitioner appeared in the respondent court on the warrant, having been extradited from Minnesota.

After several continuances, petitioner again appeared in court on March 22, 1967, and asked the court to again place him on probation or to allow the 180-day judgment to go into effect and give him credit for time served on other charges in Minnesota and in California. The court then advised petitioner that if the court did not place him on probation the court would send him to the Youth Authority. The matter was then continued to April 11 and petitioner was released on bail.

On April 11 the court refused to reinstate probation and stated that petitioner would be sent to the Youth Authority,

remanded the petitioner, exonerated his bail, referred him to the Youth Authority for acceptance and continued the matter to April 25. Petitioner does not want to go to the Youth Authority and contends that the trial court has no jurisdiction to commit him to the authority. We are informed by the court that the Youth Authority has agreed to accept petitioner, but that the court has stayed all further proceedings against him pending the determination of his petition for a writ of prohibition.

It is the contention of petitioner that, in the circumstances of this case, the respondent court has no jurisdiction to commit him to the Youth Authority and that under the provisions of section 1203.2, Penal Code, the court can only allow the original judgment to go into effect or again place him on probation. We agree.

Section 1203.2, Penal Code, provides in part that upon revocation and termination of probation previously granted "the court may, if the sentence has been suspended, pronounce judgment after said suspension of the sentence for any time within the longest period for which the defendant might have been sentenced, but if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence, less any credits herein provided for."

Petitioner argues correctly that the power of the court is limited by section 1203.2 as quoted, and that the court cannot now commit him to the Youth Authority. As the court said in *Stephens* v. *Toomey*, 51 Cal.2d 864, 874 [338 P.2d 182], when, as here, "judgment is pronounced and sentence suspended, certain consequences flow to circumscribe [defendant's] rights. The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect and the offender is remanded to the proper officer to serve his sentence. (Pen. Code, § 1203.2.)"

The respondent court contends that, having revoked petitioner's probation, it now has authority to commit him to the Youth Authority. Section 1731.5 of the Welfare and Institutions Code provides for the commitment of a defendant to the Youth Authority only if (a) he is less than 21 at the time of apprehension, (b) he is not sentenced for less than 90 days and is "subject to imprisonment for more than 90 days under

the judgment," and (c) "Is not granted probation." The argument is that since probation has been revoked petitioner "is no longer granted probation" under condition (c) of this section and that the court may now commit him to the Youth Authority.

This contention, unsupported by citation of any authority, is without merit. ▆▆ The power of the court to commit a defendant to the Youth Authority can only be exercised at the time of the judgment of conviction and the imposition of the sentence. (See *In re Herrera,* 23 Cal.2d 206, 214 [143 P.2d 345]; *In re Ralph,* 27 Cal.2d 866 [168 P.2d 1]; *People* v. *Rick,* 112 Cal.App.2d 410 [246 P.2d 691].) ▆▆ In the present case petitioner was not committed to the Youth Authority following his plea of guilty in August 1965. Instead the court sentenced him to serve 180 days in the county jail, suspended the execution of that sentence, and placed him on probation. Obviously his probation could not be revoked if he had not been placed on probation in the first instance. The revocation of petitioner's probation did not place petitioner in the position of a defendant who was "not granted probation" within the meaning of section 1731.5, Welfare and Institutions Code.

Let a writ of prohibition issue restraining the Superior Court for Los Angeles County from sending, referring or committing petitioner to the California Youth Authority and from any other proceeding against petitioner except as provided in section 1203.2 of the Penal Code.

Ford, P. J., and Cobey, J., concurred.