Filed 8/24/20  P. v. Wilburn CA2/1
### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY WILBURN,<br><br>　　Defendant and Appellant. | B301902<br><br>(Los Angeles County<br>Super. Ct. No. BA137387) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Appeal dismissed.

Milena N. Blake and Michael S. Romano for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In July 1997, Defendant Anthony Wilburn was convicted of one count of false imprisonment of a hostage, two counts of assault with a firearm, and two counts of terrorist threats, and was sentenced to 28 years to life in prison. Nearly 22 years later, the secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that Wilburn's sentence be recalled and that he be resentenced to a shorter term pursuant to Penal Code[1] section 1170, subdivision (d)(1).[2]

---

[1] Undesignated statutory citations are to the Penal Code.

[2] Section 1170, subdivision (d)(1) provides in pertinent part: "When a defendant subject to this section . . . has been sentenced to be imprisoned in the state prison . . . and has been committed to the custody of the secretary[,] . . . the court may, . . . at any time upon the recommendation of the secretary . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . . The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served." (See § 1170, subd. (d)(1).)

The trial court summarily denied the recommendation on May 13, 2019. On July 18, 2019, Wilburn and the District Attorney filed a joint request to reopen the case and allow the trial court to consider "[Wilburn's] background materials used by the [CDCR] to arrive at the release recommendation." On September 17, 2019, the trial court denied the joint request. On October 17, 2019, Wilburn appealed that ruling.

On appeal, Wilburn contends the trial court violated his due process rights by rejecting the CDCR secretary's recommendation without first holding a formal hearing. The People counter that we lack jurisdiction because the order denying the joint request is not an appealable order. Because Wilburn fails to establish that the joint request was not simply a motion seeking a new ruling on the recommendation based on the same facts, we conclude that he has improperly sought review of a nonappealable order. As a result, we dismiss his appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

We summarize only those facts that are relevant to this appeal.

On July 16, 1997, the People filed an amended information charging Wilburn with one count of false imprisonment of a hostage, in violation of section 210.5 (count 1); two counts of assault with a firearm, in violation of section 245, subdivision (a)(2) (counts 2 and 3); and two counts of terrorist threats, in violation of section 422 (counts 4 and 5). A jury later found Wilburn guilty on all five counts. On July 24, 1997, the trial court sentenced Wilburn to an aggregate prison term of 28 years to life on count 1, and stayed the sentence on the remaining counts pursuant to section 654.

Ralph M. Diaz, the CDCR secretary, later sent a two-page letter dated April 9, 2019 to the trial court, which recommended that Wilburn's sentence be recalled and that he be resentenced pursuant to section 1170, subdivision (d)(1) (recommendation letter).

In support of his recommendation, Secretary Diaz stated the following: "Inmate Wilburn has received two Rules Violation Reports, since being received to CDCR [*sic*] on November 5, 1997. However, he has remained disciplinary free since February 9, 2001. Inmate Wilburn is currently assigned to the Dining Room as a Line Server. Wilburn was previously assigned to Adult Basic Education from December 3, 2013 to March 1, 2019. Inmate Wilburn participates in Alcoholics Anonymous and has also attended and completed a vast array courses [*sic*] in other Self-Help Programs. During his incarceration, Inmate Wilburn has taken full advantage of the opportunities available in order to better prepare himself for a release back into society. There are no [*sic*] active or potential holds, warrants, or detainers."

In the concluding paragraph of the recommendation letter, Secretary Diaz stated: "Having reviewed the enclosed documentation it appears that [I]nmate Wilburn's sentence warrants the attention of the court." The following four enclosures are listed below the secretary's signature line: "Abstract of Judgment[,] [¶] Minute Order[,] [¶] Court Information-Charging Documents[, and] [¶] Cumulative Case Summary." Although the abstract of judgment and the operative information appear elsewhere in the clerk's transcript (but are not attached to the recommendation letter that is included in that transcript), the secretary's correspondence does not clarify

4

which minute order is referenced therein, and the "Cumulative Case Summary" is not in the record before us.

On May 13, 2019, the trial court issued a minute order, wherein the court observed it had received the recommendation letter, and the court stated that upon having "reviewed and considered the matter," it decided to "take no further action" at that time.

On May 16, 2019, Wilburn's counsel filed a notice of appearance and a motion for a case management conference.[3] Wilburn's motion sought "a case management conference with the Court and District Attorney to discuss CDCR's recommendation and, if necessary, set a briefing and hearing schedule for the matter."

On May 22, 2019, the trial court issued another minute order. The court noted that upon reviewing the CDCR secretary's correspondence and the attachments thereto, the court had issued a ruling on May 13, 2019 "that no further judicial action would be taken" at that time. The court further stated that on May 16, 2019, it received Wilburn's counsel's notice of appearance and motion for a case management conference. It then remarked that "[t]he decision under . . . section 1170(d) is a discretionary matter with the court" and that "[t]he prior order remain[ed] and no further judicial action w[ould] be taken at th[at] time." The court concluded the May 22, 2019 order by explaining that the ruling "[was] provided as a courtesy to all counsel and Mr. Wilburn."

---

[3] It appears that Wilburn's attorneys had submitted the notice of appearance and the motion for a case management conference for filing before the court had issued the May 13, 2019 order.

On July 18, 2019, Wilburn and the Los Angeles County District Attorney's Office filed a "Joint Request to Reopen Case and to Submit Supplemental Documents Pursuant to Cal. Penal Code § 1170(d)" (joint request). The joint request asked that "this case be reopened to permit [Wilburn] to lodge documents to [*sic*] the Court pursuant to . . . section 1170(d)(1)." In particular, the parties "request[ed] the opportunity for [Wilburn] to present [Wilburn's] background materials used by the [CDCR] to arrive at the release recommendation."[4] The joint request noted that it did not "reflect the District Attorney's position on the merits of the case," but instead "reflect[ed] only [the] District Attorney's agreement that the Court have the opportunity to review [Wilburn's] background materials used by the [CDCR] to arrive at the release recommendation." (Boldface & underscoring omitted.)

On September 17, 2019, the trial court denied the joint request (September 17, 2019 order). The court stated that it previously declined to accept the recommendation of the CDCR secretary after reviewing the court file for this case, the recommendation letter, and a 20-page document titled " 'Cumulative Case Summary Evaluation Report Pursuant to the

---

[4] Although the first page of the joint request sought an order "reopen[ing the case] *to permit [Wilburn] to lodge documents*," the second page stated: "*After reviewing the background information materials* used by the [CDCR] to arrive at the release recommendation, it will be up to the Court to determine *whether he would like the case to be reopened*." (Italics added.) In any event, it is apparent that the parties to the joint request desired to have the trial court once again consider whether Wilburn's sentence should be recalled so that he could be resentenced pursuant to section 1170, subdivision (d)(1).

6

Provisions of Penal Code 1170 (d)' " that was attached to the letter.  The court found that "[n]othing in the materials provided by the Secretary establish any particularly exemplary conduct by the inmate" and "there is no necessity for a hearing or submission of additional documents."  It also concluded that a ruling on a recommendation to recall a sentence under section 1170, subdivision (d)(1) is "purely discretionary with the Court and there is no provision in the statute for a hearing, or resubmission of documents."

On October 17, 2019, Wilburn appealed the September 17, 2019 order.

## DISCUSSION

On appeal, Wilburn contends that the trial court violated his due process rights by rejecting the CDCR secretary's recommendation without first affording Wilburn an opportunity to be heard and present evidence at a formal hearing.  Before we may consider the merits of Wilburn's claim of error, we must first decide whether we have the jurisdiction to do so.  (See *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 (*Mario C.*) ["[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.  [Citations.]' [Citation.]  [¶]  The fundamental rule governing the appealability of orders is that ' "a judgment or order is not appealable unless expressly made so by statute." [Citations.]' [Citations.]"].)

The People claim that the September 17, 2019 order is a nonappealable ruling on a motion for reconsideration.[5]

---

[5]  In his reply, Wilburn cites *People v. Castillo* (2010) 49 Cal.4th 145, 154, for the proposition that the People are

7

At bottom, the People complain that entertaining Wilburn's appeal would allow him to circumvent the 60-day deadline for appealing the court's prior ruling on the CDCR secretary's recommendation. (See Cal. Rules of Court, rule 8.308(a) ["[A] notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."].)[6] As discussed below, we agree with the People.

"estopped from opposing [his] appeal" because the Los Angeles County District Attorney's Office joined his request to reopen the case and the CDCR secretary recommended that his sentence be recalled. Although *Castillo* identified the necessary elements of judicial, equitable, and promissory estoppel, respectively, (see *Castillo*, at pp. 154–156 & fns. 9–11), Wilburn does not explain why this case satisfies each of the requirements of any of the three estoppel doctrines discussed in *Castillo*. Accordingly, he has waived these estoppel arguments. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]"].)

[6] In passing, Wilburn seems to argue that under California Rules of Court, rule 8.108(e)(1), the parties' filing of the joint request extended the 60-day deadline for appealing the minute order issued on May 13, 2019, a deadline that had expired on July 12, 2019. This argument is without merit because that provision does not apply to criminal appeals. (See *id.*, rule 8.108 [appearing in the chapter titled "Civil Appeals"]; *id.*, rule 8.7 ["[I]n these rules the headings of divisions, chapters, articles, rules, and subdivisions are substantive."]; *id.*, rule 8.308 [rule governing the time to appeal in a criminal case, which does not incorporate by reference Cal. Rules of Court, rule 8.108].) Thus, we lack jurisdiction to review the trial court's prior order denying the CDCR secretary's recommendation. (See *People v. Lyons*

8

As a preliminary matter, Wilburn does not dispute the People's assertion that the September 17, 2019 order constituted a ruling on a motion for reconsideration. In fact, he contends that "initiating an appeal from the denial of a motion to reconsider is an appropriate means to appeal the underlying order . . . ." Curiously, Wilburn also claims that the September 17, 2019 order "denied the recall request submitted by CDCR Secretary Diaz." Yet, the joint request denied by the September 17, 2019 order had sought a ruling "reopen[ing]" the case to "permit [Wilburn] to lodge documents [with] the Court . . . ." (See also *ante*, fn. 4.) Hence, we treat the September 17, 2019 order as a denial of a motion for reconsideration. (See *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43 [" ' "The nature of a motion is determined by the nature of the relief sought . . . ." ' "].)

Wilburn claims this order is appealable under section 1237, which provides in pertinent part: "An appeal may be taken by the defendant from . . . [¶] . . . [¶] . . . any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)[7] Notwithstanding the seemingly broad scope of this provision, "[a]n order made after judgment is not appealable where the motion merely ask[s] the court to repeat or overrule a

_____

(2009) 178 Cal.App.4th 1355, 1361 [" 'Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' "].)

[7] Subdivision (a) of this statute does not apply because the September 17, 2019 order is not "a final judgment of conviction." (See § 1237, subd. (a).)

former ruling on the same facts." (*People v. Rick* (1952) 112 Cal.App.2d 410, 412 (*Rick*); see also *People v. Palmer* (1942) 49 Cal.App.2d 579, 580 ["[I]t is . . . well established that an order made after judgment is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts."]; cf. *People v. Orrante* (1962) 201 Cal.App.2d 553, 558 ["[A]n order denying a motion to vacate a prior judgment or order is not appealable [by the People] where the motion merely seeks to change the former decision on the same facts and where the grounds of the motion existed before the entry of the original order and were available on an appeal from such order."], superseded on other grounds by Stats. 1986, ch. 59, § 1.) To hold otherwise would lead to an absurd result— i.e., it " 'would . . . virtually allow[ ] two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing . . . .' " (See *Palmer*, at p. 580.)

Wilburn fails to demonstrate that the joint request did not "merely ask[ ] the court to repeat or overrule a former ruling *on the same facts*."[8] (*Rick*, *supra*, 112 Cal.App.2d at p. 412, italics

---

[8] Although the People raised this jurisdictional defect, Wilburn must still demonstrate that the September 17, 2019 order was appealable. (See Cal. Rules of Court, rule 8.360(a) ["Except as provided in this rule, briefs in criminal appeals must comply as nearly as possible with rules 8.200 and 8.204."]; *id.*, rule 8.204(a)(2)(B) ["An appellant's opening brief [in a civil appeal] must: . . . [¶] State that the judgment appealed from is final, or *explain why the order appealed from is appealable*," italics added]; *Good v. Miller* (2013) 214 Cal.App.4th 472, 476– 477 [observing that Cal. Rules of Court, rule 8.204(a)(2)(B) " 'requires an appellant to make the preliminary and fundamental determination that the order appealed from is, in fact, an appealable order or judgment[,]' " and that the failure to

added.)  The joint request sought leave to submit "background materials used by the [CDCR] to arrive at the release recommendation."  That filing did not further identify *any* of these background materials, nor did it provide any indication that these materials contained facts not already included in the documents that Secretary Diaz had submitted with his letter (e.g., the " 'Cumulative Case Summary Evaluation Report' ").  In their appellate briefing, Wilburn's attorneys suggest they intended to submit information that was not previously before the court, including "security reviews, criminal risk assessments, victims' statements, mental health assessments, . . . performance evaluations[,] . . . . the recommendations of several layers of CDCR bureaucracy, . . . and consultation with the Board of Parole Hearings . . . ."  We disregard these factual assertions because none of them is supported by any citation to the record.**9**

---

comply therewith " 'serves the question of appealability onto the court's [or respondent's] side of the net.' "].)

**9**  We note that Wilburn's counsel could have moved to augment the appellate record to include the enclosures attached to the recommendation letter.  (See Cal. Rules of Court, rule 8.340(c) ["At any time, on motion of a party or on its own motion, the reviewing court may order the record augmented or corrected as provided in rule 8.155."]; *id*., rule 8.155(a)(1)(A) ["At any time, on motion of a party or its own motion, the reviewing court may order the record augmented to include:  . . . [¶] Any document filed or lodged in the case in superior court . . . ."].)  Further, there is no apparent reason that Wilburn's attorneys could not have attached the "background materials" to the joint request, in which case these materials would have been part of the record before us.  (See *id*., rule 8.320(d)(1)(C) ["[I]f the defendant or the People appeal from an appealable order other than a ruling on a motion for new trial, the normal record is

11

(See *People v. Flint* (2018) 22 Cal.App.5th 983, 1006, fn. 17
[" '[C]ourts will decline to consider any factual assertion
unsupported by record citation at the point where it is
asserted[.]' "].)

Secretary Diaz provided the trial court with a " 'Cumulative
Case Summary Evaluation Report.' " At the time the secretary
made his recommendation, the CDCR's regulations required that
extensive information be included in this type of report, including
(inter alia): "Active or potential holds, warrants, [and]
detainers"; "[i]nstitutional adjustment, including rules violation
reports, counseling chronos, pending disciplinary actions,
gang/disruptive group information, placement score, current
housing assignment, work and education assignments, and
participation in self-help activities"; "[t]he inmate's post-release
plan"; "Institutional Staff Recommendation Summary"; and "[t]he
inmate's most recent Board of Parole Hearings Parole
Consideration Report . . . ." (See Cal. Code Regis., tit. 15,
§ 3076.2, subd. (b)(2) (2018).) Thus, we cannot conclude on this
record that Wilburn had asked the court to overrule its prior
denial on the basis of any new facts.

Wilburn nonetheless intimates that the Supreme Court's
decision in *People v. Loper* (2015) 60 Cal.4th 1155, establishes
that the September 17, 2019 order is appealable. In *Loper*, the
CDCR secretary recommended the recall of a defendant's

_____

composed of: . . . [¶] A clerk's transcript containing: [¶] . . . [¶]
Any written motion or notice of motion granted or denied by the
order appealed from, with supporting and opposing memoranda
and attachments . . . ."].) Instead, it seems that counsel would
have us rely on their unsworn representations concerning these
documents.

sentence under section 1170, subdivision (e), which "authorizes . . . the [trial] court to recall a previously imposed sentence because the prisoner is now terminally ill or medically incapacitated . . . ." (See *Loper*, at pp. 1158–1159.) The trial court denied the recommendation, and the defendant appealed that decision. (See *id.* at p. 1159.) Our high court held that the Court of Appeal had jurisdiction over the defendant's appeal pursuant to section 1237, subdivision (b), even though section 1170, subdivision (e) "does not specifically authorize the [defendant] to seek recall of his sentence" in the trial court. (See *Loper*, at pp. 1158, 1161.) *Loper* had no occasion to decide whether the denial of a *motion to reconsider* the trial court's rejection of a recall recommendation constitutes an appealable order under section 1237, subdivision (b). (See *People v. Williams* (2005) 35 Cal.4th 817, 827 [" '[A]n opinion is not authority for a proposition not therein considered.' "].)

For the foregoing reasons, we conclude that Wilburn has sought review of a nonappealable order. We thus dismiss this appeal for lack of jurisdiction. (See *Mario C.*, *supra*, 124 Cal.App.4th at p. 1307.)

13

## DISPOSITION

We dismiss Wilburn's appeal of the trial court's order denying the joint request to reopen the case.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.