Filed 5/3/22  P. v. Jackson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B315725 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA011198) |
| v. | |
| RODDRIC JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Dismissed.

———————————

Richard B. Lennon and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

In 1996, a jury convicted defendant and appellant Roddric Jackson of one count of second degree robbery. (Pen. Code,[1] § 211.) The jury also found that Jackson was armed (§ 12022, subd. (a)(1)), and that he used a gun (§ 12022.5, subd. (a)) in the commission of the offense.[2] The trial court found that Jackson had suffered two prior strike convictions (§§ 667, subds. (b)−(i)), two serious felonies (§ 667, subd. (a)), and two prison priors (§ 667.5, subd. (b)), and imposed an aggregate sentence of 47 years to life in prison, along with a restitution fine of $10,000 (§ 1202.4, subd. (b)), and a parole revocation fine of $10,000 (§ 1202.45, subd. (a)).

In September 2021, Jackson filed a "Motion to Dismiss Restitution Order by the Court Pursuant to Assembly Bill [No.] 1869."[3] The superior court denied the motion on the ground that Jackson "has provided no compelling and extraordinary reasons to justify a waiver of the [f]ines and fees that were imposed in this case." Jackson appealed.

We appointed counsel for Jackson, who filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Counsel provided Jackson with a copy of the record and the *Serrano* brief, and informed him that he had the right to file a supplemental brief. Jackson filed a supplemental brief on April 13, 2022.

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] The jury also convicted Jackson of one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), but we reversed that conviction on appeal. (*People v. Jackson* (Jul. 25, 1997, B103732) [nonpub. opn.].)

[3] Jackson was referring to Assembly Bill No. 1869 (2019−2020 Reg. Sess.) (Stats. 2020, ch. 92).

## DISCUSSION

When a defendant's appointed counsel files a brief raising no issues in an appeal of a denial of postconviction relief, we follow the procedures set forth in *Serrano*: We are not obligated to review the record independently to determine whether there are any arguable issues on appeal. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039 (*Cole*), review granted Oct. 14, 2020, S264278.) The defendant has a right, however, to file a supplemental brief. (*Ibid.*) If he does so, "the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits." (*Id.* at p. 1040.)

Jackson does not make a legal argument in his supplemental brief in support of his request to reduce his restitution fine. Instead, he notes that he has managed to pay a little less than half of the $10,000 fine during the 27 years he has served in prison. According to Jackson, "it's hard to take care of myself after restitution is taken monthly from my prison wages." This has been especially true recently, as prices for goods in prison have increased.

We sympathize with Jackson's plight, but the law does not allow us to reduce or overturn his restitution fine. A defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)), but it is long established that this does not include the right to appeal the denial of a motion that "merely asked the court to repeat or overrule a former ruling on the same facts." (*People v. Rick* (1952) 112 Cal.App.2d 410, 412.) Nor may a defendant file a subsequent appeal to contest "matters that could have been reviewed on timely appeal from the judgment." (*People v. Howerton* (1953) 40 Cal.2d 217, 220.) There is no indication that the law has changed in a

3

way that would allow Jackson to seek a reduction or reversal of his restitution fines. Assembly Bill No. 1869, which Jackson cited in his petition in the superior court, does provide relief from certain administrative fees imposed on criminal defendants, including probation supervision fees (see *People v. Clark* (2021) 67 Cal.App.5th 248, 259−260), but the law does not abolish restitution fines or parole revocation fines.

A subsequent statute, Assembly Bill No. 177 (2021−2022 Reg. Sess.), amended section 1465.9 to provide that, "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 . . . as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) But the Legislature's purpose in enacting this statute was "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2021, ch. 257, § 2.) As part of this legislation, the Legislature repealed a provision allowing county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine" (former section 1202.4, subdivision (*l*)), while leaving the rest of section 1202.4 intact. Thus, there is no indication that the Legislature meant to provide relief from restitution fines.

The trial court's order is not appealable, and we must therefore dismiss the appeal.

4

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.