Filed 5/9/23  P. v. Hill CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TION ALONZO GRIMMETT HILL, SR.,<br><br>      Defendant and Appellant. | A165481<br><br>(Solano County Super. Ct. No. VCR210051) |

Tion Alonzo Grimmett Hill, Sr. appeals from the order denying his most recent motion for reconsideration, which was filed about three years after the trial court denied his initial petition for resentencing, pursuant to Penal Code, former § 1170.95.[1]  We conclude the challenged order is not appealable and dismiss Hill's appeal.

### BACKGROUND

#### A.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under felony murder and the

---

[1] All undesignated statutory references are to the Penal Code.  As of June 30, 2022, former section 1170.95 was renumbered to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We hereafter refer to current code section 1172.6.

1

natural and probable consequences theories. (See Stats. 2018, ch. 1015, §§ 1-2.) Senate Bill 1437 amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

As a result of these amendments and later Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551 § 2, eff. January 1, 2022), a person convicted of murder is now eligible for resentencing if they were convicted "of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) However, a person who was the "actual killer" remains ineligible for resentencing. (§§ 188, subd. (a)(3), 189, subd. (e)(1), 1172.6, subd. (a)(3); *People v. Garrison* (2021) 73 Cal.App.5th 735, 742, 744.)

## B.

In 2012, a jury convicted Hill of one count of attempted arson (§§ 451, subd. (d), 664) and one count of second degree murder (§ 187, subd. (a)). The jury also found true an enhancement allegation that Hill personally and intentionally discharged a firearm, which caused the victim's death (§ 12022.53, subd. (d)). Hill was sentenced to an aggregate prison term of 68 years to life. On direct appeal, this Division affirmed the judgment. (*People v. Hill* (Jan. 25, 2017, A143347) [nonpub. opn.].)[2]

After Senate Bill No. 1437 was enacted, Hill (acting in propria persona) filed a petition for resentencing under section

---

[2] On the People's unopposed request, we take judicial notice of the record filed in Hill's direct appeal (A143347). (See Evid. Code §§ 452, subd. (d), 459, subd. (a); *People v. Lewis* (2021) 11 Cal.5th 952, 970-972.)

1172.6. His petition requested the appointment of counsel and included a declaration stating that Hill was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder because of the recent amendments to sections 188 and 189.

The trial court denied Hill's first petition, after appointing counsel and reviewing the jury instructions given at trial. The court concluded that Hill failed to establish a prima facie case because, although Hill's jury was instructed on implied malice, it was *not* instructed on either felony murder or the aiding and abetting natural and probable consequences doctrine. On that record, the jury's firearm enhancement finding—that Hill personally and intentionally discharged a firearm causing death—established that Hill was the actual killer. Hill did not file an appeal from the order.

In September 2020, Hill (again acting in pro per) then filed a "petition for reconsideration for resentencing under [former section] 1170.95," in which he argued that he had already filed a facially sufficient petition and that the trial court erred by summarily denying his petition. The trial court did not take any action on this petition, noting that the caption of the petition was to this court of appeal and that counsel could place the matter on calendar if needed.

In October of 2021, Hill filed another pro per petition for resentencing under section 1172.6. His petition again requested the appointment of counsel and made the same declarations regarding the basis for his convictions. He continued to state that he could not now be convicted of first or second degree murder because of the 2019 amendments to sections 188 and 189. The trial court took no action on the petition, noting that Hill had previously filed the same petition and that earlier petition had been heard and denied.

Thereafter, Hill filed four motions for reconsideration of the order denying his petition for resentencing. The first of these motions, filed in November 2021, argued that reconsideration was required considering the intervening changes made to former section 1170.95 by Senate Bill No. 775.[3] Hill also stated that his previous petition established a prima facie case for resentencing. Hill's next three motions were almost identical.

The trial court denied each motion, without appointing counsel. The court observed that Hill had not stated any new grounds requiring reconsideration. In its final order, dated June 10, 2022, the court also noted that the jury returned a true finding on the personal and intentional discharge enhancement under section 12022.53, subdivision (d).

Hill did not appeal after the trial court denied his first two motions for reconsideration. However, on June 16, 2022, Hill filed a notice of appeal that identified the challenged order as the penultimate order, dated April 11, 2022, which denied his third motion for reconsideration. We later granted Hill's motion to correct the notice of appeal and deemed it to be challenging the June 10, 2022 order denying Hill's fourth motion for reconsideration.

## DISCUSSION

Hill contends that the trial court erred in summarily denying his fourth motion for reconsideration without first appointing counsel. However, we agree with the People that the June 10 order denying Hill's fourth motion for reconsideration is not an appealable order.

---

[3] Senate Bill No. 775 added procedural requirements for evaluating a petitioner's eligibility for relief. (See former § 1170.95, subds. (c)-(d), as amended by Stats. 2021, ch. 551, § 2; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.)

4

A criminal defendant has the statutory right to appeal "from a final judgment of conviction." (§ 1237, subd. (a).) A defendant may also appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) However, our Supreme Court recognizes a qualification to this broadly stated rule. (*People v. Thomas* (1959) 52 Cal.2d 521, 527.) An order made after judgment is *not* appealable where the underlying motion merely seeks to have the trial court vacate or overrule its earlier judgment or other order— which itself could have been reviewed on appeal. (*Id.* at p. 527 [order denying motion to vacate judgment of conviction is not appealable]; *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, fn.2 ["[a]n order denying a motion for reconsideration is [generally] not an appealable order"]; *People v. Rick* (1952) 112 Cal.App.2d 410, 412 ["[a]n order made after judgment is not appealable where the motion merely asked the court to repeat or overrule a former ruling on the same facts"].)

"In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and . . . would in effect indefinitely extend the time for appeal from the judgment." (*People v. Thomas, supra,* 52 Cal.2d at p. 527.)

Here, Hill raised essentially the same argument in his original petition for resentencing as he did in all his subsequent petitions and motions for reconsideration. Thus, by appealing from the original order denying his section 1172.6 petition or, at the latest, by appealing from the first (post Senate Bill No. 775) order denying reconsideration, Hill could have raised the very same arguments he raises now. "A party's failure to file a timely appeal from an appealable order generally shows acquiescence in the ruling [citations], and this acquiescence may bar a later

5

motion in the trial court seeking reconsideration of the ruling." (*People v. DeLouize* (2004) 32 Cal.4th 1223, 1232-1233.)

Hill misplaces his reliance on *People v. Farfan* (2021) 71 Cal.App.5th 942. *Farfan* merely held that a successive petition for resentencing, under section 1172.6, is not barred when the later petition relies on new authority that was not available at the time of the earlier petition. (*Id.* at p. 951.) Here, however, Hill's first through fourth motions for reconsideration rested on the same factual allegations and identical law.

We agree with the People that allowing Hill's current appeal would give him more than one opportunity to appeal from the same ruling and indefinitely extend the period in which to appeal beyond 60 days (Cal. Rules of Court, rule 8.308(a)). Hill's appeal must be dismissed because the order denying his fourth motion for reconsideration is not appealable.

## DISPOSITION

The appeal is dismissed.

_____
                                    BURNS, J.


We concur:


_____
JACKSON, P.J.


_____
LANGHORNE, J.*


 A165481

---

* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.