Filed 3/21/24  P. v. Hall CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIJAH MATTHEW HALL,<br><br>        Defendant and Appellant. | A168888<br><br>(Sonoma County<br>Super. Ct. No. SCR 6020801) |

Defendant Elijah Matthew Hall appeals from postconviction orders denying his motion for resentencing under Penal Code[1] section 1172.75 (former section 1171.1), as well as his motion under section 1465.9 to vacate fines and fees included in his judgment of conviction.[2]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting that we exercise our discretion to independently review the record. Defendant was advised of his right to file a supplemental brief, and has done so, raising various arguments unrelated to the rulings from which he has

---

[1] Undesignated statutory references that follow are to the Penal Code. In June 2022, section 1171.1 was renumbered as section 1172.75 without substantive changes.  (Stats. 2022, ch. 58, § 12.)  We refer to the statute by its current designation.

[2] Defendant filed two notices of appeal designating the orders denying his two motions.  Our disposition covers both appeals.

1

appealed.

Because neither the order denying defendant's section 1172.75 motion, nor the order denying his section 1465.9 motion is appealable, we dismiss the appeals taken from those orders.

## BACKGROUND[3]

In 2013, a jury found defendant guilty of two counts of first degree robbery (§ 211; counts I and II) and battery resulting in serious bodily injury (§ 243, subd. (d); count III). It also found true that defendant personally inflicted great bodily injury in the commission of count II (§ 12022.7, subd. (a)). After a bifurcated trial, the jury found true the allegations that defendant had suffered two prior serious or violent felony convictions (§ 667, subd. (a)(1)), including an attempted robbery in 1996, and had served a prior prison term (§ 667.5, former subd. (b)). (*People v. Hall*, *supra*, A139691.)

Defendant was sentenced under the "Three Strikes" law to a prison term of 25 years to life for counts I and II, plus 13 years for the great bodily injury enhancement and the two prior convictions. The trial court imposed but stayed execution of the sentence on count III, as well as a one-year prior prison term enhancement. (*People v. Hall*, *supra*, A139691.)

The trial court also imposed the following fines and assessments: a $1,000 restitution fine (§ 1202.4, subd. (b)); a second $1,000 restitution fine to be suspended unless parole was revoked (§ 1202.45); a $380.59 victim restitution fine (§ 1202.4, subd. (f)); a $120 court operations assessment (§ 1465.8); and a $90 criminal conviction assessment (Gov. Code, § 70373).

---

[3] We granted defendant's request to take judicial notice of our prior opinion in *People v. Hall* (Mar. 27, 2018, A139691) (nonpub. opn.), the California Supreme Court's denial of his petition for review (*People v. Hall*, S248548, Supreme Ct. Mins., July 11, 2018), and this court's remittitur issued on July 11, 2018.

In March 2018, this court affirmed the judgment.  (*People v. Hall*, *supra*, A139691.)  And in July 2018, our Supreme Court denied defendant's petition for review.  (*People v. Hall*, *supra*, S248548.)

On July 24, 2023, years after his judgment became final, defendant in propria persona filed two motions.  In one motion, he asked the trial court to "to vacate all of the court-imposed costs (Fines/Restitution)" pursuant to section 1465.9—a provision enacted by Assembly Bill No. 1869 (2019–2020 Reg. Sess.), and amended by Assembly Bill No. 177 (2021–2022 Reg. Sess.) and Assembly Bill No. 199 (2021–2022 Reg. Sess.).  (Stats. 2020, ch. 92, § 62; Stats. 2021, ch. 257, § 35; Stats. 2022, ch. 57, § 21.)  Section 1465.9 provides that the balance of any of the enumerated court-imposed costs or fines is unenforceable and uncollectible, and that the portions of any judgment imposing such costs or fines must be vacated.  (§ 1465.9, subds. (a)–(c).)

Defendant's other motion was brought under section 1172.75.  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.), amended section 667.5, subdivision (b) to eliminate sentence enhancements for prison priors unless the prior term was for a sexually violent offense.  (Stats. 2019, ch. 590, § 1.)  Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.), added what is now section 1172.75, which makes Senate Bill No. 136's changes retroactive to all persons currently incarcerated in jail or prison.  (Stats. 2021, ch. 728, § 3.)  In his motion, defendant asked the court to strike his prior prison term enhancement (§ 667.5, former subd. (b)), great bodily injury enhancement (§ 12022.7, subd. (a)), and enhancements based on his two prior serious felony convictions (§ 667, subd. (a)(1)).

On August 15, 2023, the trial court denied both motions in separate orders.  The court found that it lacked jurisdiction to entertain defendant's request for resentencing under section 1172.75.  (See *People v. Burgess* (2022)

3

86 Cal.App.5th 375, 380 (*Burgess*); accord, *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448–449; *People v. Newell* (2023) 93 Cal.App.5th 265, 268.)  The court added that defendant's challenges to the great bodily injury and prior conviction enhancements that were included in the section 1172.25 motion were not properly before it, as section 1172.75 does not provide for relief for either of those enhancements.

As for defendant's motion under section 1465.9, the trial court assumed for purposes of the motion "that a defendant subject to one of the enumerated court-imposed costs/civil assessments may file a motion for an order vacating the portion of a judgment which includes such costs/civil assessments."  The court found, however, that defendant "fail[ed] to demonstrate that his judgment includes any court-imposed costs/civil assessments enumerated in . . . section 1465.9."  The court thus denied the motion.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal from the denial of a postconviction request for relief, rather than a first appeal as of right from a conviction, we are not required to conduct an independent review of the record in the manner prescribed in *People v. Wende* (1979) 25 Cal.3d 436.  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 226–228.)  We give the defendant the opportunity to file his or her own supplemental brief and we then evaluate any specific arguments raised.  (*Id.* at pp. 231–232.)

Defendant has filed a four-page, handwritten supplemental brief, raising various arguments unrelated to the August 15, 2023 orders designated in his notices of appeal.  As now explained, we conclude that those orders are not appealable, and even if they were, we would lack jurisdiction to consider the arguments raised in his supplemental brief.

We start with the denial of the motion for resentencing under

4

section 1172.75. As noted, section 1172.75 declares that certain one-year sentence enhancements based on prior prison terms served for offenses other than a sexually violent offense became legally invalid. (*Burgess, supra*, 86 Cal.App.5th at pp. 379–380.) Section 1172.75 also provides a mechanism for resentencing individuals serving judgments that includes such enhancements. (§ 1172.75, subds. (b)–(d).) It directs the California Department of Corrections and Rehabilitation (CDCR) to identify affected defendants and provide their information to the sentencing court. (§ 1172.75, subd. (b).) The trial court is, thereafter, instructed to review the information and, where warranted, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Like the trial court, we lack jurisdiction to consider defendant's request to strike his prior prison term enhancement pursuant to section 1172.75. A defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable . . . ." (*People v. King* (2022) 77 Cal.App.5th 629, 639 (*King*).) Generally, subject to certain statutory exceptions, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*Id.* at p. 634.) Section 1172.75 is an exception to that general rule, permitting notification from the CDCR to vest the trial court with jurisdiction to review the judgment and recall and resentence defendant. (§ 1172.75, subd. (c).) However, a defendant who files a motion without statutory permission does not vest the sentencing court with jurisdiction to resentence him. (See *Burgess, supra*, 86 Cal.App.5th at pp. 381–382.) Accordingly, the trial court here correctly concluded it lacked jurisdiction to

5

entertain defendant's resentencing motion. (*Ibid*.) It follows that its order denying defendant's request to strike his prior prison term enhancement under section 1172.75 is not appealable, in turn leaving us without jurisdiction to consider the appeal from that ruling. (*Burgess*, at pp. 381–382; accord, *People v. Escobedo, supra*, 95 Cal.App.5th at pp. 448–449; *People v. Newell, supra*, 93 Cal.App.5th at p. 268.)

To the extent defendant, in his section 1172.75 motion, additionally asked the trial court to strike the great bodily injury enhancement (§ 12022.7, subd. (a)) and the two prior conviction enhancements (§ 667, subd. (a)(1)), the trial court lacked jurisdiction to rule on those requests as well. As it noted, section 1172.75 "only pertains to Penal Code section 667.5(b) enhancements and provides no relief from other types of enhancements." Because the trial court could not have granted those requests, its denial of those requests could not have affected defendant's substantial rights. Thus, that aspect of its order is also not appealable. (*King, supra,* 77 Cal.App.5th at p. 639.)

Nor is the order denying the section 1465.9 motion to vacate fines and fees appealable. A defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)), but it is long established that this does not include the right to appeal the denial of a motion that "merely asked the court to repeat or overrule a former ruling on the same facts." (*People v. Rick* (1952) 112 Cal.App.2d 410, 412.) Here, as the trial court observed, there is no indication that the law has changed in a way that would allow defendant to seek a reduction or reversal of any of the fines and fees imposed on him.

Section 1465.9, upon which defendant's motion is based, provides relief from certain costs and fees imposed on criminal defendants (see *People v.*

6

*Clark* (2021) 67 Cal.App.5th 248, 259–260), but does not abolish parole revocation fines (§ 1202.45); victim restitution fines (§ 1202.4, subd. (f)); court operations assessments (§ 1465.8); or criminal conviction assessments (Gov. Code, § 70373).

Section 1465.9 also does not render invalid restitution fines under section 1202.4. Assembly Bill No. 177 amended section 1465.9 to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 . . . as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) Section 1202.4 was repealed and re-enacted by Assembly Bill No. 177. It eliminated former subdivision (*l*), which authorized imposing "a fee to cover the actual administrative cost of collecting the restitution fine." (Stats. 2021, ch. 257, § 2.) This repeal, however, left the rest of section 1202.4 intact. Consequently, there is no indication the Legislature meant to provide relief from defendant's restitution fine.

In short, the legislative enactments did not allow the trial to strike any of the financial obligations imposed on defendant. Because the trial court could not have granted defendant's section 1465.9 motion, its order denying the motion is not appealable, and we must dismiss the appeal from that order. (See *King*, *supra*, 77 Cal.App.5th at p. 639.) As a result, none of the trial court's August 15, 2023 rulings is properly before us.

But even if we had jurisdiction to review any of those rulings, we would still lack jurisdiction to consider defendant's supplemental brief arguments.

Defendant argues that he "never went to prison at all for attempted robbery and that should not be called a prison prior whatsoever,"—an argument apparently challenging the sufficiency of the evidence to support

7

the jury's finding he had served a prior prison term. Defendant also argues he was not "granted a fair trial because a lot was not allowed in to prove the fact of the matter . . . ."

These arguments are unrelated to the section 1465.9 motion or the section 1172.75 motion that are the subject of this appeal. Defendant's claim regarding his prior prison enhancement, in particular, is essentially an attack on a prior factual finding. But section 1172.75 does not contain language suggesting it was intended to provide redress for erroneous prior factfinding or the possibility of proving contrary facts if given a second chance. A section 1172.75 motion is not the appropriate avenue for defendant to raise new claims of trial error or attack the sufficiency of the evidence supporting prior factual findings. (Cf. *People v. Burns* (2023) 95 Cal.App.5th 862, 867–868 ["The problem Burns raises in his petition [for resentencing under section 1172.6] . . . has nothing to do with the legislative changes to California's murder law" and "[h]is remedy [for the alleged error] was his appeal from the judgment of conviction," not in an appeal from the denial of his section 1172.6 petition].)

This case is akin to *People v. Moore* (2021) 68 Cal.App.5th 856 (*Moore*). In *Moore*, the defendant was convicted of murder and other crimes in 1997 and was sentenced to 107 years to life in prison. He filed a petition in 2020 to be considered for a youth offender evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). (*Moore*, at pp. 860–861.) The request was denied. (*Ibid.*) On appeal, the defendant claimed that a five-year enhancement under section 667, subdivision (a) was unauthorized because the prosecution allegedly failed to comply with the pleading and proof requirements of section 1170.1, subdivision (e). (*Moore*, at p. 865.) The *Moore* court held it lacked jurisdiction to consider this claim, even though it

8

had jurisdiction over an appeal from an unrelated postjudgment order. (*Id.* at p. 866.)

*Moore* noted the rule that an unauthorized sentence can be corrected at any time is an exception to the forfeiture doctrine, but not to the rule that the court must first have jurisdiction. (*Moore, supra,* 68 Cal.App.5th at p. 865, citing *In re G.C.* (2020) 8 Cal.5th 1119, 1129.) It then held: "Not only is appellant attempting to challenge his sentence more than 20 years after his judgment of conviction became final, but he is doing so for the first time on appeal from the denial of his request for a *Franklin* proceeding. A *Franklin* proceeding, however, 'is unrelated to the validity of the defendant's sentence. . . .' [Citation.] . . . [T]he trial court's denial of appellant's petition for a *Franklin* proceeding and his appeal from that denial did not confer jurisdiction on this court over the judgment. The unauthorized sentence doctrine has no application here, and we have no jurisdiction to consider appellant's challenge to his sentence in this appeal." (*Moore,* at p. 866.)

Likewise here. As discussed, defendant's claims are wholly unrelated to the rulings from which he appealed. His claims could and should have been, but were not, raised years ago in his direct appeal. Thus, while we would typically evaluate the merits of arguments presented in a supplemental brief (see *Delgadillo, supra,* 14 Cal.5th at p. 232), we lack jurisdiction to consider the arguments raised in the supplemental brief filed by defendant here. (See *Moore, supra,* 68 Cal.App.5th at pp. 865–866.)

## DISPOSITION

The appeal from the order denying defendant's motion for resentencing under section 1172.75 is dismissed. The appeal from the order denying defendant's motion under section 1465.9 to vacate fines and fees is also dismissed.

9

_____
Richman, Acting P. J.

WE CONCUR:


_____
Miller, J.



_____
Mayfield, J.*


A168888 (*People v. Hall*)

_____

&ast; Judge of the Superior Court of California, Mendocino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.