[Crim. No. 3519.   Second Dist., Div. One.   Feb. 9, 1942.]

THE PEOPLE, Respondent, v. ARTHUR PALMER, Appellant.

Morris Lavine and Scheinman & Scheinman for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—This is an appeal from an order denying a motion after judgment to vacate such judgment in the above-entitled cause. We have this day filed an opinion in the case of *People* v. *Arthur Palmer*, Crim. No. 3494, *ante*, p. 567 [122 Pac. (2d) 109], in which an appeal was taken from the judgment. An examination of the record in the instant case discloses that the issues raised on this appeal were in fact raised on the appeal from the judgment.

It is appellant's contention that this appeal is authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment which affects the substantial rights of the defendant. Ordinarily this is true, but it is also well established that an order made after judgment is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts. In *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82], it is said that this is so, because to permit such an appeal "would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the effect of the statute." See, also, *Kent* v. *Williams*, 146 Cal. 3 [79 Pac. 527], and *Alpers* v. *Bliss*, 145 Cal. 565 [79 Pac. 171].

If an appellate court were compelled to treat an appeal from an order made after judgment with the same force and effect as one from the final judgment, a convicted defendant could wait several years after his trial until the witnesses for the people had died or moved away, and then proceed to make a motion to set aside the judgment, and if the conviction were reversed and a new trial ordered the proper

administration of justice would be seriously threatened. The Penal Code definitely fixes the time for an appeal from the judgment. To allow an appeal from an order denying a motion to set aside or modify the final judgment where, as in the instant case, such appeal is based upon errors and rulings which might properly be considered and which were as a matter of fact considered upon the appeal from the judgment, would in fact amount in criminal appeals to removing entirely the time limitation mentioned. We cannot conceive that such was the legislative intent.

This court being without jurisdiction to entertain the instant appeal, it is ordered that the same be, and it is, dismissed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1942.