Filed 1/14/22  P. v. Fortune CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUKE FORTUNE,<br><br>Defendant and Appellant. | B307447<br><br>(Los Angeles County Super. Ct. No. YA034511) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Dismissed.

Law Office of R. Wayne McMillan and R. Wayne McMillan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

In 1997, Luke Fortune (defendant) pled no contest to one count of robbery.  Twenty-two years later, defendant moved to vacate his plea on the ground that he was not advised of, and did not meaningfully understand, the adverse immigration consequences of his plea.  The trial court denied the motion and defendant did not appeal that ruling.  But a year later, defendant moved for reconsideration of the earlier ruling, the trial court denied that motion, and defendant noticed an appeal from the refusal to reconsider the earlier order.  We consider whether defendant's challenge to the denial of his motion for reconsideration is justiciable.

## I.  BACKGROUND

### A.    *Defendant's No Contest Plea*

In October 1997, the Los Angeles County District Attorney charged defendant in an information with two counts of robbery (Pen. Code,[1] § 211) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).  The information further alleged defendant personally used a deadly and dangerous weapon in the commission of the robberies (§ 12022, subd. (b)(1)).  At the time of the charged offenses, defendant was a legal permanent resident of the United States and had been for 11 years.

Two months later, pursuant to an agreement with the prosecution, defendant pled no contest to one of the robbery charges.  Defendant also admitted the corresponding section 12022 allegation.  Defendant agreed—as expressed by his initials on a pre-printed written plea advisement form—that he was

---

[1]     Undesignated statutory references that follow are to the Penal Code.

2

entering his no contest plea "freely and voluntarily and with the full understanding of all the matters set forth in the [information] and in this form."  Among the advisements on the plea form checked and initialed by defendant was the following: "I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

In signing the plea form, defendant verified he had discussed each of the form's advisements with counsel. Defendant's attorney also signed the form, declaring he had explained "each" of the form's advisements to defendant.

At the plea hearing, as memorialized by a resulting minute order, defendant was advised in similar terms about the immigration consequences of his plea: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of denial of naturalization pursuant to the laws of the United States."  The trial court accepted defendant's plea and sentenced defendant to three years, but suspended the sentence. The court placed defendant on formal probation for three years and ordered him to serve 270 days in county jail.

*B.     Defendant's Motion to Vacate*

Many years later, in June 2019, defendant moved to vacate his conviction pursuant to section 1473.7.[2]  Defendant maintained his conviction should be vacated because he did not receive any legal advice from his attorney on how his plea might affect his immigration status.  Defendant supported his motion with evidence that he was currently a licensed commercial insurance broker and with several letters from individuals attesting to his good character.  Defendant did not support his motion with a declaration from the attorney advising him in connection with his no contest plea.

The People opposed the motion.  In view of the record evidence that defendant was advised of the immigration consequences of his plea by his attorney and by the trial court, and in the absence of evidence corroborating defendant's assertions in his declaration about the failure of his attorney to properly advise him, the People argued defendant failed to meet his evidentiary burden.  In addition, the People maintained defendant had not presented any evidence corroborating his assertion that if properly advised he would have chosen trial over the plea deal offered to him.

---

[2]     Section 1473.7 authorizes a noncitizen defendant who is no longer in criminal custody to move to vacate a conviction or sentence when the "conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).)

4

On July 18, 2019, the trial court denied defendant's section 1473.7 motion. In addition to the signed and initialed plea advisement form, the court relied on the transcript of defendant's preliminary hearing to conclude defendant received "a great deal on a case that was [a] slam dunk on him."[3] As the court explained, defendant was aware of how advantageous the plea deal was for him: "[Defendant] was given a very, very good deal. [Defendant] said himself he jumped on [the plea deal] because it was basically a disposition that's going to get him out of jail before Christmas. That's very appealing to him. He's 21 years old."

At the conclusion of the hearing, the court stated, "If you feel it's appropriate to revisit, I'll look at whatever is filed. At this point[,] I'm denying [the section] 1473.7 motion."

### C. *Defendant's Motion for Reconsideration*

On July 8, 2020—more than 11 months after the trial court denied the motion to vacate, and nine months after his time to

---

[3] The court summarized the salient points: "[Defendant] had two witnesses that testified at the preliminary hearing [who] identified [defendant] as running out of a car up to their car with a knife demanding cellphones and asking them where they're from. Two witnesses identified him at the preliminary hearing. They were cross examined. The police were called to the scene very quickly. They arrested [defendant] pretty close to the scene. They arrested [defendant] with the victim's cellphone in his pocket. [¶] And [defendant] put on an affirmative defense at the preliminary hearing, and the affirmative defense was not [witness misidentification]. The affirmative defense was, 'I was too drunk to understand what I was doing.'"

5

appeal that ruling expired (Cal. Rules of Court, rule 8.308(a))—defendant moved for reconsideration with assistance from a new lawyer. Defendant argued reconsideration was warranted in light of two cases interpreting recently amended section 1473.7: *People v. Camacho* (2019) 32 Cal.App.5th 998 (*Camacho*) and *People v. Mejia* (2019) 36 Cal.App.5th 859 (*Mejia*).[4]

Defendant submitted a declaration with his reconsideration motion. Defendant declared he did not understand at the time of his plea that his suspended state prison sentence would be considered under federal immigration law to be a sentence that was actually imposed for an aggravated felony, thereby preventing him from ever becoming a United States citizen.

The trial court denied defendant's reconsideration motion after hearing argument from his attorney. The court believed there was no appropriate basis for seeking reconsideration because defendant's remedy was to appeal from the earlier ruling: "[I]f I rule on this again today, and your client doesn't like the result, what would prevent him from hiring another lawyer? His remedy is appeal and he didn't do that." The court found defendant "had the benefit of a full hearing [on the motion to vacate]. Prior counsel was not ineffective. The issues were very, very clear. . . . [T]his is just an opportunity for [defendant] to take another bite at the apple. His remedies were very clear at the time. It was to appeal [the court's] decision, and he chose not

---

[4] Both cases were decided prior to the trial court's initial July 18, 2019, denial of the motion to vacate: the opinion in *Camacho* was issued seven months before, on February 27, 2019, and the opinion in *Mejia* almost a month earlier, on June 26, 2019. Defendant continues to rely on these cases as grounds for a purported change in the law that justifies reconsideration.

to do that.  It's been almost . . . one year . . . . His appeal period has long [since] run."

Defendant noticed an appeal from the order denying his motion for reconsideration.  Apparently believing a certificate of probable cause may be required (the trial court did not grant a certificate, but that is immaterial for our purposes), defendant declared his "appeal arises from the court[']s refusal to hold a hearing on . . . defendant's Motion to Reconsider the court's previous denial of defendant's motion . . . ."

## II.  DISCUSSION

Defendant claims the order denying his motion for reconsideration is appealable under section 1237, subdivision (b), which provides in pertinent part: "An appeal may be taken by the defendant from . . . [¶] . . . [¶] . . . any order made after judgment, affecting the substantial rights of the party."  Defendant is incorrect.

Our Supreme Court has held there is a "well established qualification" to the seemingly broad scope of section 1237: "[N]o appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment."  (*People v. Thomas* (1959) 52 Cal.2d 521, 527 (*Thomas*); accord, *People v. Rick* (1952) 112 Cal.App.2d 410, 412 [holding under § 1237 that "[a]n order made after judgment is not appealable where the motion merely asked the court to repeat or overrule a former ruling on the same facts"]; *People v. Palmer* (1942) 49 Cal.App.2d 579, 580 (*Palmer*) [it is "well established that an order made after judgment is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts"].)  Were

7

the rule otherwise, it would lead to an incongruous result—it "'would . . . virtually allow[ ] two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing . . . .'"[5] (*Palmer*, *supra*, at 580.)  As our highest court has explained, "[an] appeal from the judgment is an adequate remedy."  (*Thomas*, *supra*, at 527.)  Here, the motion to vacate and the motion for reconsideration were based on the same facts and defendant does not contend otherwise.  According to defendant, the difference between the two motions was the "entirely separate legal theories" advanced in each motion.

Defendant had an opportunity to contest the trial court's ruling on the motion to vacate by appealing that ruling. (§ 1473.7, subd. (f) ["An order granting or denying the motion is appealable . . . as an order after judgment affecting the substantial rights of a party"]; *People v. Vivar* (2021) 11 Cal.5th 510, 523 ["When a trial court grants or denies a motion to vacate

---

[5]     Although our Supreme Court has noted in the civil context that there is a split in authority about whether an order denying a motion for reconsideration is appealable (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140, fn. 5), "[t]he majority of recent cases have concluded that orders denying motions for reconsideration are *not* appealable, *even* where based on new facts or law.  [Citations.]  These courts have concluded that orders denying reconsideration are not appealable because . . . 'to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal.'  [Citations.]" (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968-969; accord, *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577 ["The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law"].)

8

a conviction under section 1473.7, the parties can appeal"].) Defendant, however, did not appeal, and he cannot manufacture a nearly year-long extension of the timeliness rules by filing a motion for reconsideration supported by no new authority. *Camacho* and *Mejia* were decided before the time for appeal had run and, indeed, even before the motion to vacate was decided.

Defendant's contention that his claim is justiciable because he relied on the trial court's "revisit" comment made at the conclusion of the hearing on the motion to vacate fails for two reasons. One, defendant did not advance this as a ground justifying reconsideration (or even mention the revisit comment) in the court below and he accordingly cannot rely on it now. Two, the comment made by the trial court was obviously not meant to apply in perpetuity and thereby effectively extend without limitation the time to appeal the initial July 2019 ruling. Rather, if defendant wanted the court to revisit some aspect of its earlier ruling, he needed to act within the two months before an appeal needed to be filed, lest the order become final. (See *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1067 [trial court had inherent power to reconsider its order granting petition for writ of habeas corpus until loss of jurisdiction that would occur when the order became final and binding, or when the People filed a notice of appeal]; *In re Marriage of Barthold* (2008) 158 Cal.App.4th 1301, 1313, fn. 9 [order not yet final, and was thus within the trial court's prerogative to reconsider, because the time to appeal had not expired]; see also *People v. DeLouize* (2004) 32 Cal.4th 1223, 1232-1233; *People v. Ross* (1962) 206 Cal.App.2d 542, 543 [order denying motion to reconsider prior order denying probation not appealable].)

9

In sum, insofar as the trial court even had jurisdiction to rule on defendant's motion for reconsideration, its denial of that motion is not appealable. (*People v. Van Buren* (1933) 134 Cal.App. 206, 207-209 [dismissing appeal of defendant who filed successive motions to vacate the judgment, for different reasons, and "had at least one opportunity . . . to have determined the very point" he urged on appeal].)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.