Filed 9/25/25  P. v. Dunckhurst CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101382 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF05-0001322, CRF05-0004161) |
| v. | |
| STEPHEN CHRISTOPHER DUNCKHURST, | |
| Defendant and Appellant. | |

Defendant Stephen Christopher Dunckhurst appeals from a postconviction order refusing to consider his in propria persona petition seeking resentencing pursuant to Penal Code section 1172.75 (formerly section 1171.1; statutory section citations that follow are to the Penal Code).  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Defendant has filed a supplemental brief arguing this court should review the propriety of his 2005 conviction for vehicle theft.  In addition, we asked the parties to file supplemental briefs addressing:  the trial court's

1

jurisdiction to consider defendant's resentencing request, the timeliness of defendant's appeal, and the appealability of the trial court's orders. Having considered those briefs, we conclude the appeal must be dismissed.

FACTS AND HISTORY OF THE PROCEEDINGS

According to an unpublished decision issued by this court on May 30, 2014, "In 2005, the trial court sentenced [defendant] to an aggregate term of 33 years to life in prison. The sentence consisted of a three strikes (§§ 667, subds, (b)-(i), 1170.12) sentence of 25 years to life for unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) in case No. 05F1322, and an eight-year sentence (the three-year upper term doubled plus two years for two prior prison term enhancements) for possession of a deadly weapon by a prisoner (§ 4502) in case No. 05F4161." (*People v. Dunckhurst* (May 30, 2014; C074341) [nonpub. opn.] (*Dunckhurst*).)

"In 2010, the Kings County Superior Court sentenced [defendant] to a consecutive term of 30 years to life for assault on an inmate with a deadly weapon or by means of force likely to cause great bodily injury, with two strikes, and a great bodily injury enhancement (§ 12022.7, subd. (a)). The sentence consisted of nine years to life tripled plus three years for the enhancement." (*Dunckhurst*, *supra*, C074341.)

An abstract of judgment filed May 24, 2018, shows two section 667.5, subdivision (b) enhancements associated with the eight-year sentence in case No. 05F4161. A review of the first amended felony information associated with that case shows that the prison priors were for robbery (§ 211) and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)). Defendant admitted these priors as part of an August 26, 2005, plea agreement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 "by limiting the prior prison term enhancement to

only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

Section 1172.75 implemented a recall and resentencing procedure for individuals serving prison sentences including a section 667.5, subdivision (b) enhancement. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259.) According to that procedure, the Department of Corrections and Rehabilitation (CDCR) notifies the sentencing court that a defendant is serving a sentence including a section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) The sentencing court then reviews the current judgment and verifies eligibility. (*Id.*, subd. (c).) If eligible, the defendant is resentenced. (*Ibid.*)

On January 10, 2024, defendant filed an in propria persona request for the appointment of counsel and resentencing pursuant to section 1172.75 seeking recall of his sentence and resentencing. On January 30, 2024, the trial court issued a ruling denying defendant's request for resentencing. This ruling stated in pertinent part, "The instant petition is based upon [section] 1172.75. Section 1172.5 sets forth a specific manner in which the [CDCR] identifies individuals serving a term that includes a relevant enhancement. CDCR then notifies the sentencing court of the cases. That notification triggers the court's obligation to recall and resentence a defendant. 'Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion.' (*People v. Burgess*[, *supra*,] 86 Cal.App.5th [at p.] 384.) A defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)"

3

Defendant served his motion for reconsideration of his resentencing request on March 21, 2024, and that motion was received in the trial court on April 2, 2024. On April 23, 2024, the trial court summarily denied defendant's request for reconsideration, repeating its earlier determination that "[a] defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence. (See *People v. Fuimaono*[, *supra,*] 32 Cal.App.5th [at p.] 135.)"

Defendant filed an in propria persona notice of appeal on June 13, 2024, identifying his appeal from the trial court's April 23, 2024, order denying his request for reconsideration. Nonetheless, his request for a certificate of probable cause complained that he was entitled to relief under Senate Bill No. 483 (2021-2022 Reg. Sess.) and attached his original motion and the trial court's January 2024 denial. This appeal followed.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.)

On November 22, 2024, this court wrote defendant explaining that his counsel filed a no issue brief and advising defendant of his right to file a supplemental brief and that the appeal may be dismissed as abandoned without a supplemental brief.

On December 2, 2024, defendant filed a supplemental brief arguing this court should review the propriety of his 2005 conviction for vehicle theft. In addition, we asked the parties to file supplemental briefs addressing: the trial court's jurisdiction to consider defendant's resentencing request, the timeliness of defendant's appeal, and the appealability of the trial court's orders.

Our supplemental briefing request prompted defendant to seek a settled statement, resulting in an expansion of the record before us. The record now reflects that the CDCR sent a letter in June 2022 informing the Shasta County Superior Court that defendant was

4

eligible for relief under Senate Bill No. 483 (2021-2022 Reg. Sess.). However, the judge who ruled upon defendant's January 2024 in propria persona request for resentencing did not have this information when the court made its determination. Despite this new information pertaining to the merits of the trial court's determination that it lacked jurisdiction to consider defendant's resentencing request, we now conclude that defendant's appeal must be dismissed.

First, if we accepted defendant's identification of the trial court's April 2024 denial of his motion for reconsideration as the order being appealed from, the appeal would be timely filed within the required 60 days. (Cal. Rules of Court, rule 8.308(a).) However, defendant has not shown that his motion for reconsideration resulted in an appealable order, and our review has disclosed no such authority. On the contrary, while section 1237, subdivision (b) allows a defendant to appeal " '[from] any order made after judgment, affecting the substantial rights of a party,' " it is well established that "[a]n order made after judgment is not appealable where the motion merely ask[s] the court to repeat or overrule a former ruling on the same facts." (*People v. Rick* (1952) 112 Cal.App.2d 410, 412; see also *People v. Palmer* (1942) 49 Cal.App.2d 579, 580 same]; accord *People v. DeLeon* (1965) 236 Cal.App.2d 530, 532-533 [dismissing appeal from order denying motion to reconsider new trial request].) To hold otherwise, " 'would . . . virtually allow[ ] two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the effect of the statute.' " (*Palmer,* at p. 580.)

Moreover, if we construed defendant's June 13, 2024, notice of appeal as challenging the trial court's denial of his original resentencing request, the appeal would be untimely. Defendant had 60 days from the trial court's denial issued on January 30, 2024, to file his notice of appeal. (Cal. Rules of Court, rule 8.308(a).) Nonetheless, defendant failed to file a notice of appeal within the required timeframe. Defendant served his motion for reconsideration of his resentencing request on March 21, 2024,

over a week before the 60 days to appeal would have expired. Had defendant instead filed a notice of appeal, his appeal would have been timely. He did not.

Finally, defendant has not established that California Rules of Court, rule 8.108(e) alters this result. This is a civil rule extending the deadline for the filing of a civil appeal, and defendant has not demonstrated it applies in this criminal matter. (Compare Cal. Rules of Court, rule 8.108(e) with *id*., rules 8.66, 8.308.) Accordingly, we conclude we are without jurisdiction to hear this matter and will dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

KRAUSE, J.