Filed 11/5/25  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083815 |
| Plaintiff and Respondent, | |
| v. | |
| MANUEL HERNANDEZ, | (Super. Ct. No. SCD116162) |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Appeal dismissed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Seth M. Friedman and Juliet W. Park, Deputy Attorneys General for Plaintiff and Respondent.

Manuel Hernandez appeals a 2024 order summarily denying his third Penal Code[1] section 1172.6 petition for resentencing. The allegations in his third petition were identical to those in his second section 1172.6 petition, which the trial court summarily denied in 2022. In denying his third petition, the trial court implicitly treated it as a request for reconsideration which failed to allege any new facts or law. As we explain below, because his third section 1172.6 petition did not allege any new facts or law, we conclude the court properly treated it as a request for reconsideration and therefore its order denying the petition is not appealable. Lacking jurisdiction, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 1996, Hernandez pled guilty to second degree murder and admitted the truth of the related allegation that he personally used a firearm in committing that offense. The trial court sentenced him to a term of 18 years to life. On appeal, we affirmed the judgment. (*People v. Hernandez* (Aug. 27, 1997, D027691) [nonpub. opn.].)

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

[2]    On May 22, 2025, the People filed a motion to augment the record with 12 exhibits from the court records in Hernandez's criminal case and his two prior section 1172.6 petitions. On June 10, we issued an order stating that we would consider the motion to augment concurrently with the appeal. We now grant that motion and augment the record with its attached exhibits. (Cal. Rules of Court, rules 8.155 & 8.340(c).)

In 2019, Hernandez filed a section 1172.6 (then former section 1170.95) petition for resentencing.[3] The court issued an order summarily denying that petition, finding he had not made a prima facie showing that he was entitled to relief. Hernandez apparently did not appeal that order.

In 2022, Hernandez filed a second section 1172.6 petition for resentencing. In that printed section 1172.6 petition form, he alleged: (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) he "was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder"; and (3) he "could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019." The court issued an order summarily denying that second section 1172.6 petition, stating it was barred from considering a successive section 1172.6 petition absent an alleged change in the facts or applicable law– "neither of which is present in the instant case." Hernandez did not timely appeal that order.

On February 5, 2024, Hernandez filed his instant third section 1172.6 petition for resentencing. In that printed section 1172.6 petition form, he made allegations *identical* to those set forth in his second section 1172.6

_____

[3]     Effective June 30, 2022, former section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10; see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

petition, as quoted above. On February 14, the court issued the instant order summarily denying Hernandez's third section 1172.6 petition, stating that he had "not cited any authority permitting him to refile a [section 1172.6] petition for resentencing subsequent to a final decision on a previously filed [section 1172.6] petition addressing the same issues." Hernandez timely filed an appeal challenging the order.

## DISCUSSION

In his opening brief, Hernandez argues, in part, that section 1172.6 does not bar successive petitions for resentencing, citing *People v. Farfan* (2021) 71 Cal.App.5th 942, 946 (*Farfan*). In so doing, he appears to implicitly argue that the instant order denying his third section 1172.6 petition is appealable.

In its respondent's brief, the People argue that *Farfan* is inapplicable here because Hernandez's third section 1172.6 petition did not allege any new facts or law different from those alleged in his second section 1172.6 petition. The People further argue that the third section 1172.6 petition was, in effect, a request for reconsideration of the 2022 order denying the second section 1172.6 petition, as the trial court construed it, and therefore the order denying the third section 1172.6 petition is not appealable. Hernandez did not file a reply brief and therefore has not presented any substantive argument refuting the People's position that the instant order is not appealable and therefore we lack jurisdiction to consider this appeal.

A postjudgment order "is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts." (*People v. Palmer* (1942) 49 Cal.App.2d 579, 580 (*Palmer*); see also, *People v. Rick* (1952) 112 Cal.App.2d 410, 412; cf. *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1679 [noting split of authority whether all

4

orders denying Code of Civil Procedure section 1008, subdivision (a) motions for reconsideration are not appealable or whether only orders denying motions for reconsideration that do not allege new facts or law are not appealable].) Policy reasons for not allowing an appeal from an order denying a motion for reconsideration include precluding a party from having "two appeals from the same decision" and obtaining "an unwarranted extension of time to appeal." (*Rojes v. Riverside Gen. Hosp.* (1988) 203 Cal.App.3d 1151, 1161; see also, *Palmer*, at p. 580.)

Here, the record shows that the trial court implicitly construed Hernandez's third section 1172.6 petition as a request for reconsideration. In denying that petition, the court stated that Hernandez had "not cited any authority permitting him to refile a [section 1172.6] petition for resentencing subsequent to a final decision on a previously filed [section 1172.6] petition addressing the same issues."[4] In so finding, the court presumably recognized that Hernandez's third petition did not allege any new facts or new legal authority that were different from the allegations in his second section 1172.6 petition. As discussed above, the record shows that the allegations in his third petition were *identical* to those in his second petition. Therefore, although Hernandez may have labeled his instant petition as a "section 1172.6 petition," it was, in effect, merely a request for reconsideration of the 2022 order denying his second section 1172.6 petition. A petition's label " 'is not determinative; rather, the true nature of a petition . . . is based on the facts alleged and remedy sought.' " (*People v. Picklesimer* (2010) 48 Cal.4th

---

[4]    In its prior 2022 order denying Hernandez's second section 1172.6 petition, the court similarly found that it was barred from considering a successive section 1172.6 petition absent an alleged change in the facts or applicable law–"neither of which is present in the instant case."

330, 340.)  A court "may construe a motion bearing one label as a different type of motion."  (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.)  Accordingly, we conclude the trial court properly construed the third section 1172.6 petition as, instead, a request for reconsideration of the 2022 order denying Hernandez's second section 1172.6 petition.

The circumstances in *Farfan*, cited by Hernandez, are inapposite to the circumstances here, because the successive section 1172.6 petition in that case, unlike Hernandez's petition, alleged *new* legal authority.  (*Farfan, supra,* 71 Cal.App.5th at p. 951.)  Therefore, *Farfan* does not show the trial court here erred by construing Hernandez's third section 1172.6 petition as a request for reconsideration.

Because Hernandez's third section 1172.6 petition was, in effect, a motion for reconsideration, the instant order denying that petition is not appealable.  (Cf. *Palmer*, *supra*, 49 Cal.App.2d at p. 580.)  Alternatively stated, the order did not affect his substantial rights within the meaning of section 1237, subdivision (b).[5]  (*Ibid*.)  Accordingly, we lack jurisdiction to consider the appeal and must dismiss it.  (*Ibid*.; *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable."]; *People v. Magana* (2021) 63 Cal.App.5th 1120, 1122, 1128 [same].)

---

5    Section 1237, subdivision (b) provides that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party."

6

DISPOSITION

The appeal from the February 14, 2024 order is dismissed.

O'ROURKE, Acting P. J.

WE CONCUR:

BUCHANAN, J.

CASTILLO, J.